IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
MAY - 3 2019
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:19cr 71 |
| ) | |
| HOUMAN MOTII, ) | 18 U.S.C. § 1347 |
| ) | Health Care Fraud |
| Defendant. ) | (Count 1) |
| ) | |
| ) | 18 U.S.C. § 982(a)(7) |
| ) | Forfeiture |

**INFORMATION**

**COUNT ONE**

THE UNITED STATES ATTORNEY CHARGES THAT:

During the period from in or about April 2015 through April 2017, in the Eastern District of Virginia, HOUMAN MOTII, the defendant, and others known and unknown, knowingly and willfully executed and attempted to execute a scheme and artifice to defraud Medicare and TRICARE, health care benefit programs as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations and promises, in connection with the delivery of and payment for health care benefits, items, and services, by submitting and causing to be submitted fraudulent claims for ambulance transportation, which scheme and artifice, and the execution thereof, were in substance as follows:

1. At all material times, HOUMAN MOTII owned and operated Swift Medical Transport, LLC (Swift), a business located in Norfolk, Virginia, that was authorized to provide non-emergency Basic Life Support (BLS) ambulance transport services for Medicare and TRICARE beneficiaries.

2. In order to function as an Emergency Medical Service ("EMS") agency in the Commonwealth of Virginia, Swift must employ Emergency Medical Technicians (EMTs) who hold a valid certification as issued by the commissioner of the Virginia Department of Health (the commissioner).

3. A person holding valid EMS certification from another state or a recognized EMS certifying body with which Virginia has a formal written agreement of reciprocity or possessing a National Registry certification at the EMR, EMT, Advanced EMT, Intermediate 99 or Paramedic level shall apply to the commissioner for reciprocity upon demonstration of Virginia residency, Virginia EMS agency affiliation, or a recognized need for Virginia EMS certification.

4. Medicare requires BLS ambulances to be staffed by at least two people who meet the requirements of state and local laws where the services are being furnished and where, at least one of whom must (1) be certified at a minimum as an EMT-Basic by the state or local authority where the services are being furnished and (2) be legally authorized to operate all lifesaving and life-sustaining equipment on board the vehicle.

5. TRICARE requires BLS ambulances to be staffed as state and local regulations require as well as according to Medicare guidelines.

6. The Virginia Office of Emergency Medical Services (VAOEMS) requires a ground ambulance transport be manned with a minimum of two persons: an operator and an attendant-in-charge ("AIC"). An operator (aka the driver) shall at a minimum possess a valid motor vehicle operator's permit issued by Virginia or another state and have successfully completed an approved Emergency Vehicle Operator's Course ("EVOC") training course or an equivalent. An AIC is the certified or licensed person who is qualified and designated to be primarily responsible for the provision of emergency medical care. During a BLS transport, the

AIC must be certified as an EMT-Basic or an equivalent approved by the VAOEMS. During transportation, the patient shall be attended in the patient compartment of the vehicle by the required AIC.

7. The object of the scheme and artifice devised and executed by the defendant was to obtain health care benefit payments from Medicare and TRICARE to which the defendant was not entitled, by submitting and causing to be submitted false, fraudulent and fictitious claims to Medicare and TRICARE for BLS ambulance transports.

8. It was a part of said fraudulent billing scheme that the defendant submitted and caused to be submitted to Medicare and TRICARE claims for payment representing that Swift provided BLS ambulance transports that were staffed with a licensed operator and AIC. In truth and fact, as the defendant knew, the ambulance transports did not have a licensed operator and/or AIC.

9. It was a part of said fraudulent billing scheme that the defendant prepared and submitted, and caused to be prepared and submitted to Medicare and TRICARE numerous false and fraudulent claims misrepresenting that BLS ambulance transports were staffed with a licensed operator and AIC.

10. As a result of this fraudulent scheme and artifice, the defendant obtained health care benefit payments from Medicare and TRICARE in the approximate amount of $62,854.53, to which he was not entitled.

(In violation of Title 18, United States Code, Section 1347.)

## **FORFEITURE**

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

1. Defendant HOUMAN MOTII, if convicted of the violation alleged in Count One, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the violation.

2. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

3. The property subject to forfeiture includes, but is not limited to, the following property:

   a. A sum of money of at least $62,854.53 representing the proceeds HOUMAN MOTII obtained from the offenses charged in count one.

(All in accordance with Title 18, United States Code, Section 982(a)(7); and Title 21, United States Code, Section 853(p).)

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____
Elizabeth Yusi
Virginia Bar No. 91982
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: (757) 441-6331
Fax Number: (757) 441-6689
E-Mail Address: Elizabeth.Yusi@usdoj.gov